IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SIMON KUGELSTADT, on Behalf of Himself and Others Similarly Situated, *Plaintiff*, v. 4180 BELT LINE, LTD., d/b/a DUKES ORIGINAL ROADHOUSE *Defendant*. | CIVIL ACTION NO. 3-07CV1204-M<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I. SUMMARY**

1.  Defendant, 4180 Belt Line, Ltd., d/b/a Dukes Original Roadhouse (referred to hereinafter Defendant) because Defendant failed to pay Simon Kugelstadt (Plaintiff) and other employees the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. In particular, Defendant wrongfully appropriated tips belonging to its servers and bartenders in violation of the provisions of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff and all similarly situated employees are entitled to their unpaid minimum wages, liquidated damages, attorney's fees and costs.

**II. JURISDICTION AND VENUE**

2.  This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in the Northern District of Texas – Dallas Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district.

## III. The Parties

4. Plaintiff is a resident of Collin County, Texas. Plaintiff is a covered employee of Defendant within the meaning of the FLSA. His written consent is attached hereto as Exhibit 1.

5. The class of similarly situated employees consists of all current and former servers and bartenders of Defendant's who were required to pay a portion of their tips into tip pools. These similarly situated persons are referred to as "Members of the Class" or "the Class".

6. Defendant is a Texas Limited Partnership that owns and/or operates "Dukes Original Roadhouse." Defendant may be served with process by serving its General Partner, K&R 4180, Inc. K&R 4180, Inc. may be served with process by serving Robert Simon, Director, at 10B West Shady Lane, Houston, Texas 77063 or at any other place where Robert Simon may be found.

## IV. The Facts

7. Plaintiff is a former server for Defendant. Defendant paid Plaintiff $2.13 per hour as a server, less than the federal minimum wage. As a server, however, Plaintiff regularly received tips from Defendant's customers.

8. Defendant required Plaintiff as well as its other servers and bartenders to give up a portion of their tips. Defendant would then use these tips to cover the cost of glass breakage or other expenses. In addition, Defendant would distribute a portion of the tips to members of management and to other employees, including dishwashers.

9. As a tipped employee, Plaintiff was entitled to retain all of his tips – other than those contributed to a valid tip pool. 29 U.S.C. § 203(m). However, Defendant required its servers and bartenders, including Plaintiff, to share their tips with the house and with employees who are not customarily tipped employees. Because the house, the managers and the dishwashers were ineligible

to participate in a tip pool, Defendant violated the tip credit requirements of Section 3(m). Defendant's failure to pay Plaintiff at least $5.15 for all hours worked, therefore, violated the minimum wage provisions of the FLSA.

10. Defendant's policy or practice of requiring its servers and bartenders to pay a portion of their tips to non-tipped employees and to the house was and is in violation of the FLSA. Defendant knew or should have known that its policy or practice violated the FLSA. Defendant nonetheless willfully violated the minimum wage provisions of the FLSA.

## V. THE COLLECTIVE ACTION ALLEGATIONS

11. In addition to Plaintiff, Defendant required its other servers and bartenders to contribute to its invalid "tip pool."

12. These servers and bartenders performed job duties which were similar to those performed by Plaintiff, such as serving food and drinks to Defendant's patrons.

13. Like Plaintiff, Defendant paid these servers and bartenders less than the minimum hourly wage.

14. Because its "tip pool" fails to meet the requirements of Section 3(m), Defendant is not entitled to a tip credit for any of the servers or bartenders who participated in the tip pool. Therefore, like Plaintiff, these servers and bartenders were entitled to at least $5.15 for each hour worked.

15. Because Defendant's tip pool policy results in these similarly situated workers receiving less than the minimum wage, notice of this collective action is appropriately sent to:

"All current and former servers and bartenders Defendant employed in the past three years."

## VI. CAUSES OF ACTION

16. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 15.

17. Defendant's practice of requiring Plaintiff and the Members of the Class to pay a portion of their tips to the house and to non-tipped employees was and is in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff and the Members of the Class are entitled to the minimum wage for each hour worked and to the amounts they were required to tip-out to the illegal "tip pool."

18. Additionally, Plaintiff and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

19. Plaintiff hereby demands a trial by jury.

## VIII. PRAYER

20. Plaintiff respectfully requests that judgment be entered against Defendant awarding him and all similarly situated employees:

    a. minimum wage for each hour worked;

    b. wages equal to the amount they were required to tip-out to Defendant' non-service employees and to the house;

    c. an equal amount as liquidated damages as allowed under the FLSA;

    d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    e. such other and further relief as may be required by law.

        Respectfully submitted,

        **BRUCKNER BURCH PLLC**

            **/S/ Richard J. Burch**
By:_____
        Richard J. Burch
        Texas State Bar No. 24001807
        *Attorney-In-Charge for Plaintiff*
1000 Louisiana Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**Of Counsel:**
**DEBES LAW FIRM**
Robert R. Debes, Jr.
Texas State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951